HEINZ BINDER, #87908
ROBERT G. HARRIS, #124678
WENDY W. SMITH, #133887
Binder & Malter, LLP
2775 Park Avenue
Santa Clara, CA 95050
Telephone: (408)295-1700
Facsimile: (408) 295-1531
Email: heinz@bindermalter.com
Email: rob@bindermalter.com
Email: wendy@bindermalter.com

Attorneys for Debtor and Debtor In
Possession Technology Properties Limited, LLC

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re<br><br>TECHNOLOGY PROPERTIES LIMITED, LLC,<br><br>Debtor. | Case No.: 13-51589SLJ<br><br>Chapter 11<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 3099<br>280 South First Street<br>San Jose, California |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO EXTEND EXCLUSIVE PERIODS (11 U.S.C. §§1121(d))

## I.   INTRODUCTION

Debtor and debtor in possession, TECHNOLOGY PROPERTIES LIMITED LLC ("TPL") seeks an order extending the exclusive periods for TPL to file a plan and obtain acceptances thereof set forth under 11 U.S.C. §§1121(c)(2) and 1121(c)(3), currently set for July 18, 2013, and September 16, 2013, respectively, until August 16, 2013, and November 16, 2013, respectively.  The Official Unsecured Creditors' Committee consents to this extension.

Case: 13-51589   Doc# 197-2   Filed: 06/27/13   Entered: 06/27/13 15:29:46   Page 1
of 6

## II. STATEMENT OF FACTS

1. TPL commenced the instant case by filing a voluntary Chapter 11 petition on March 20, 2013. The exclusive periods for TPL to file a plan and obtain acceptances set forth in under 11 U.S.C. §§1121(c)(2) and 1121(c)(3) expire on July 18 and September 16, 2013, respectively.

2. TPL made a presentation to the Committee of its vision for a plan in the case. The Committee responded to that presentation with a bullet point list of concepts as TPL was drafting its plan and disclosure statement. TPL's plan and the Committee's positions are not identical. TPL was prepared to file its plan and disclosure statement and proceed with a hearing on the Court's August 1 calendar. However, to minimize the risk that TPL will have to litigate the Committee objections and concerns, the parties have agreed to the following extension of exclusivity: TPL's exclusivity under 11 U.S.C. §1121(c)(2) would be extended from July 18, 2013, to August 16, 2013, and the TPL's exclusivity under 11 U.S.C. §§1121(c)(3) would be extended from September 16, 2013, to November 15, 2013.

3. TPL still intends to propose a 100% plan for all creditors who do not vote to accept as lesser treatment. It is critical however to ensure that all differences are resolved without the public scrutiny inherent in the resolution of objections filed in open court. TPL and the Committee believe that communication about the current proposal and counter-proposal will lead to a solution that most completely protects the licensing program and therefore TPL's income stream.

///

///

///

///

### III.  LEGAL ARGUMENT:

A.      The Court Has Discretion To Extend The Exclusive Period
         For The Debtor To File and Seek Acceptances Of A Plan.

TPL has brought the instant motion pursuant to 11 U.S.C. section 1121(d).  That Code

section states as follows:

> (d) On request of a party in interest made within the
> respective periods specified in subsections (b) and
> (c) of this section and after notice and a hearing, the
> court may for cause reduce or increase the 120-day
> period or the 180-day period referred to in this
> section.

11 U.S.C. § 1121(d).

It is undisputed that this motion was filed within the first 120 days of the case.

"It is clear that both the House and the Senate intended to vest in the Bankruptcy Court,

discretion as to whether or not to grant an extension of exclusivity or a reduction of exclusivity

and that such a decision should be for cause shown based upon all the facts and circumstances of

the particular case."  In re Henry Mayo Newhall Memorial Hosp., 282 B.R. 444, 457 (concurring

opinion, Marlar)(9th Cir. B.A.P. 2002)(*quoting* In re Tony Downs Foods, 34 B.R. 405, 407

(Bankr. D. Minn. 1983).

B.      Determining Whether Cause Exists To Extend Exclusivity Requires
         The Examination Of Numerous Factors.

"Factors which courts have considered in determining whether cause exists include:

    1.      the size and complexity of the case,

    2.      the necessity of sufficient time to negotiate and prepare adequate information,

    3.      the existence of good faith progress toward reorganization,

    4.      whether the debtor is paying its debts as they come due,

    5.      whether the debtor has demonstrated reasonable prospects for filing a viable plan,

6.     whether the debtor has made progress negotiating with creditors,

7.     the length of time the case has been pending,

8.     whether the debtor is seeking an extension to pressure creditors, and

9.     whether unresolved contingencies exist."

<u>In re Service Merchandise Co., Inc.</u>, 256 B.R. 744, 751 (Bankr. M.D.Tenn. 2000).

       Similarly, in a recent case concerning an extension of exclusivity under Bankruptcy Code section 1121, the Bankruptcy Panel for the Ninth Circuit affirmed an extension of exclusivity after examining the detailed findings of the bankruptcy court:

> A variety of matters probative of § 1121(d) "cause" are standardly considered. <u>In re Dow Corning Corp.</u>, 208 B.R. 661, 664-65 (Bankr.E.D.Mich.1997); <u>In re Express One Int'l, Inc.</u>, 194 B.R. 98, 100 (Bankr.E.D.Tex.1996).
>
> The bankruptcy judge in this instance considered the matters listed in the Dow Corning and Express One decisions, when he found § 1121(d) "cause." He saw the situation as: (1) a first extension; (2) in a complicated case; (3) that had not been pending for a long time, relative to its size and complexity; (4) in which the debtor did not appear to be proceeding in bad faith; (5) had improved operating revenues so that it was paying current expenses; (6) had shown a reasonable prospect for filing a viable plan; (7) was making satisfactory progress negotiating with key creditors; (8) did not appear to be seeking an extension of exclusivity to pressure creditors; and (9) was not depriving the Committee of material or relevant information.

In re <u>Henry Mayo Newhall Memorial Hosp.</u>, 282 B.R. 444, 452 (9th Cir. B.A.P. 2002).

       Finally, courts have recognized the existence of unresolved litigation as a factor in determining whether to extend exclusivity. <u>In re Slettland</u>, 260 B.R. 657, 670 (Bankr. S.D.N.Y. 2001)(". . . litigation may be one factor, among others, that supports an extension.").

       C.     <u>Exclusivity Should Be Extended In The Case At Bar.</u>

Case: 13-51589   Doc# 197-2   Filed: 06/27/13   Entered: 06/27/13 15:29:46   Page 4 of 6

**Factor 1**: This case is not large in terms of the number of creditors. However, it has proven to be quite complex with litigation in multiple districts across the United States and licensing efforts successfully generating millions of dollars post-petition.

**Factor 2**: More time is needed to develop and present information under Bankruptcy Code section 1125. TPL, while it has a draft plan and disclosure statement in hand, is likely to be asked to provide further analysis and justification for the proposed payment schedule by the Committee.

**Factors 3 and 6**: TPL has made progress in the case: it has issued licenses and settled claims worth millions of dollars. It has obtained stay relief in two litigation cases and concluded its trial before the ITC. It has drafted a plan and presented it to the Committee.

**Factor 4**. TPL is, with the recovery of the latest settlements as projected, paying its post-petition debts.

**Factor 5**. TPL's plan is prepared. TPL believes it to be viable and, if it is modified to meet Committee desires, the Committee is likely to agree.

**Factor 7**. The case has been pending only a short time, less than 120 days.

**Factor 8**. TPL is not seeking an extension to pressure creditors. Rather, allowing exclusivity to extend allows negotiations to proceed privately, which is essential to preservation of the income stream in the case.

**Factor 9**. The unresolved contingencies that exist are based on ongoing litigation, but the extension is not sought to seek a resolution thereof.

## IV.  <u>CONCLUSION</u>:

Insofar as the majority of factors indicating that cause for an extension have been met, and the time requested is just sufficient to allow TPL and the Committee to see whether they can work out a consensual plan, the requested extension should be granted.

Case: 13-51589   Doc# 197-2   Filed: 06/27/13   Entered: 06/27/13 15:29:46   Page 5
of 6

1   WHEREOFORE, TPL respectfully requests that the Court grant the Motion and approve

2   Extension of the exclusive periods as requested.

3   Dated: June 27, 2013                 BINDER & MALTER, LLP

4

5                                        By: /s/  ROBERT G. HARRIS
                                             ROBERT G. HARRIS
6                                            Attorneys for Debtor
                                             Technology Properties Limited, LLC

7

Case: 13-51589    Doc# 197-2    Filed: 06/27/13    Entered: 06/27/13 15:29:46    Page 6
of 6