HEINZ BINDER (SBN 87908)
ROBERT G. HARRIS (SBN 124678)
WENDY W. SMITH (SBN 133887)
BINDER & MALTER, LLP
2775 Park Avenue
Santa Clara, CA 95050
Tel: (408) 295-1700
Fax: (408) 295-1531
Email: Heinz@bindermalter.com
Email: Rob@bindermalter.com
Email: Wendy@bindermalter.com

Attorneys for Debtor and Debtor-in-Possession
TECHNOLOGY PROPERTIES LIMITED LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFONRIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 13- 51589SLJ |
| TECHNOLOGY PROPERTIES LIMITED, LLC, a California limited liability company,<br><br>         Debtor. | Chapter 11<br><br>Date:  February 11, 2015<br>Time:  10:00 a.m.<br>Place:  Courtroom 3099<br>     280 South First Street<br>     San Jose, California |

**CONFIRMATION BRIEF BY TPL AND REQUEST TO APPROVE NON-MATERIAL PLAN MODIFICATIONS RE: JOINT PLAN OF REORGANIZATION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DEBTOR (DATED JANUARY 8, 2015)**

# I. INTRODUCTION

Debtor and debtor in possession Technology Properties Limited, LLC, ("TPL") hereby submit its brief in support of confirmation thereof. TPL and the Official Unsecured Creditors' Committee (the "Co-Proponents") request that the Plan be approved with the below-described non-material amendments thereto:

- The definition of "Released Parties" is be narrowed by removing the words "and any and all entities wholly-owned or partially owned by Leckrone" from the Plan [Plan, 14:20-21] so that only the persons and entities actually named in the Plan are included within the definition.
- TPL's policy with One Beacon American Insurance Company is removed from the list of contracts assumed as one of "the Debtor's Insurance Policies" [Plan 42:23-24] and added to the list of contracts rejected under the Plan.
- The Plan will be modified to state that "[i]n the event of a conflict between the Plan and the TPL operating agreement, as it may be amended, supplemented or restated, the terms of the Plan will control."
- No party has or will be required to execute the Mutual Relase, which is attached as Exhibit "E" to the Plan.
- Exhibit "F" will be modified to delete the introductory paragraph.

# II. PROCEDURAL STATUS:

1. TPL filed its Voluntary Petition under Chapter 11 initiating the above-captioned Bankruptcy Case on March 20, 2013.

2. TPL filed the Plan on January 8, 2015, along with the Disclosure Statement Re: Joint Plan of Reorganization By Official Committee Of Unsecured Creditors and Debtor (Dated January 8, 2015)(the "Disclosure Statement").

3. The Plan and Disclosure Statement were served on all creditors along with a ballot by January 9, 2015, as directed by the Court.

4. The last day to file acceptances or rejections of the Plan or to object to confirmation was February 4, 2015.

5. The United States Trustee and Chet and Marcie Brown filed substantive objections to confirmation. A number of the "Licensee Objectors" objected as well, essentially reserving their rights to object centering largely on the right to add provisions to the proposed confirmation order. A draft order was circulated on February 5, 2015. While no written comments have yet been received, counsel for the Co-Proponents conferred telephonically with counsel for the lead objector, Hewlett-Packard, on January 6, 2015. A new form of order will be circulated for comment over the weekend incorporating her suggestions.

5. All creditors voting on the Plan accepted other than Chet and Marcie Brown. Under the Plan, the Brown vote counts as a Class 6C claim. The Browns' objection to confirmation makes clear that the Browns prefer that their vote be apportioned among Classes 6A, 6B, and 6C as if it had been an acceptance and had met the other conditions for treatment as an undisputed claim entitled to such treatment under the Plan.

6. The Co-Proponents have agreed to resolve the Browns' objection as follows: the Brown objection will be withdrawn, and TPL will move for authority for the Browns to change their vote, subject to this Court's approval of the following terms: (a) the state court appeal will, upon Court approval concurrently requested, be dismissed with prejudice by Dan Leckrone and TPL; (b) the Brown claim will be deemed an Allowed Claim, to which no objection can be made, under the Plan; (c) the Browns are not required to release any persons or entities; and (d) having been fully informed of these facts, the bankruptcy court allows the Browns to change their vote and withdraw their Plan objection.

7. The Co-Proponents have agreed to resolve the UST Objection[1] by (a) limiting the "Released Parties" to the persons and entities named in the definition thereof through the proposed Plan amendment set forth above; (b) confirming on the record that the releases given to the Released Parties are perpetual, as are the Released Parties' subordination of their liens (with the exception of Daniel Leckrone) and are limited to pre-petition acts; (c) obtaining approval of the releases of the Released Parties under the Plan as compromises of controversy by the Court; (d) limiting the Plan's exculpation provision to those matters covered by section 1125(e) with final language to be approved by the United States Trustee; and (e) filing all Monthly Operating Reports due prior to the confirmation hearing.

8. The Debtors will, by the time of hearing, be current in the filing of operating reports and U.S. Trustee fees. The Debtors intend to proceed with its scheduled confirmation hearing on February 11, 2015, and will seek approval of the Plan under 11 U.S.C. section 1129(a) presuming that the Court permits the Browns to change their vote or section 1129(a) and, if needed, section 1129(b) if the vote is not changed.

### III. LEGAL ARGUMENT

#### A. **The Debtor Has Met All Requirements For Confirmation Under 11 U.S.C. §1129(a).**

TPL's founder, Daniel E. Leckrone, will be present at the confirmation hearing and will be available to testify that they have met all the requirements for confirmation. Below, the TPL specifies its compliance with each of the subsections of 11 U.S.C. §1129(a). Such specifications are presented in this Brief as an offer of proof as to the content of Mr. Leckrone's proposed testimony.

///

---

[1] U.S. Trustee's Objections to Joint Plan [of] Reorganization by Official Committee of Unsecured Creditors and Debtor (1/8/15) (the "UST Objection").

Case: 13-51589   Doc# 654   Filed: 02/06/15   Entered: 02/06/15 18:36:24   Page 4 of 9

### 1. The Plan, As Amended, Complies With Applicable Provisions of Title 11.

The Disclosure Statement was approved as containing adequate information and solicited to creditors pursuant to 11 U.S.C. §1125(a) and as required by the order of this Court. The Plan, as amended, meets and contains all of the mandatory provisions set forth in 11 U.S.C. §1123(a). The Plan contains classes of substantially similar claims as required by 11 U.S.C. §1122. The requirements of 11 U.S.C. §1129(a)(1) have therefore been met.

### 2. The Proponents Of The Plan, as Amended, Have Complied With The Applicable Provisions Of Title 11.

The Co-Proponents are the proponents of the Amended Plan. They have, in seeking confirmation of the Plan and throughout the above-captioned bankruptcy case, complied with the provisions of title 11. The requirements of 11 U.S.C. §1129(a)(2) have therefore been met.

### 3. The Amended Plan Has Been Proposed In Good Faith.

The Co-Proponents have navigated through a tremendously difficult series of contested hearings and succeeded in concluding difficult negotiations to achieve a resolution which seemed impossible to achieve at the case's commencement. Under the Plan, unsecured claimants will recover 100% on their allowed claims. Litigation and appeals are all being dismissed. By comparison, recovery in a liquidation would almost certainly not reach much above 18% and could be much lower. Given the inability of the Debtors to pursue litigation for much longer, and the strong risk that the case would be converted to a Chapter 7 liquidation absent immediate plan confirmation, good faith is present.

### 4. All Payments For Services Are Subject To Court Approval.

All estate professionals' fees are subject to court approval. It is expected that applications will be filed within 120 days of confirmation. Neither TPL nor the reorganized debtor will pay for costs or services in connection with the case unless they have been approved by the Court pursuant to the Amended Plan after a hearing on notice to all creditors. The requirements of 11 U.S.C. §1129(a)(4) have therefore been met.

### 5. Disclosures Re: Post-Petition Management.

As set forth in the Disclosure Statement, Swamy Venkidu is TPL's CEO. Marcie Brown and David Wright are the members of TPL's board of directors and supervise the CEO. Mr. Venkidu's compensation is still under negotiation and has not yet been finalized. For past work, Ms. Brown and Mr, Wright were compensated at $280/hour. Their rates under the Plan also remain subject to further negotiation but may be based on a monthly flat fee, and that will be updated at the hearing.

### 6. TPL Is Not Subject To The Jurisdiction Of Any Government Regulatory Commission.

TPL is not subject to government regulation, so 11 U.S.C. §1129(a)(6) is inapplicable.

### 7. The Plan Meets The Best Interest of Creditors Test.

If the Browns are allowed to change their vote, then the Plan will have been accepted by all creditors and 11 U.S.C. section 1129(a)(7)(A)(ii) would be inapplicable.

If the Browns vote stands as the only dissenting ballot, then TPL would be required to show that Classes 6A, 6B, and 6C will receive at least as much under the Plan as they would in a Chapter 7 liquidation under the best interest of creditors test.

Mr. Leckrone is prepared at the confirmation hearing to testify to the following: there would be a maximum of $22,100,000 available for distribution in a Chapter 7, while a Chapter 11 allows distribution, through continued operations, $40,100,000. After deductions of secured claims and priority claims, as well as expenses of administration, there would be $26,920,000 available to distribute in a Chapter 11 as opposed to only $10,720,000 in a Chapter 7. The comparative recovery under the Plan is 100% of general unsecured, and 20% of 13% investor claims compared to 18.20% on unsecured claims. The Plan therefore meets the best interest of creditors test even if the Brown vote is not changed to an acceptance.

### 8. The Priority Creditors Will Or Have Been Be Paid As Required By The Code.

11 U.S.C. §1129(a)(9)(A) provides that the holders of claims entitled to priority under 11 U.S.C. §507(a)(2), administrative claimants, must be paid in cash on a plan's effective date. The

Plan so provides after a hearing on notice to all creditors to consider the amount of professional fees and costs which can be allowed. Agreed treatment for payment over time has been negotiated and included in the Plan. What remains is an Effective Date pay down which will depend on funds on hand and has yet to be finalized.

11 U.S.C. §1129(a)(9)(B) provides that the holders of claims entitled to priority under 11 U.S.C. §507(a)(3)-(a)(7) must be paid in cash on a plan's effective date. There are no such claims.

11 U.S.C. §1129(a)(9)(C) requires that priority tax claims be paid in full within 6 years of the date of assessment of taxes. TPL has no such pre-petition liability.

### 9. **At Least Two Impaired Classes Have Voted For The Plan.**

Both CCC and Mr. Venkidu, each secured claimants holding undisputed claims and separately treated in Class 2 and Class 4, have each voted to accept the Plan. TPL takes the position that, no matter whether the Browns ballot is counted in Class 6C only, or Class 6A, 6B, and 6C, that all impaired classes have voted to accept the Plan. With respect to Class 6C, counting insider votes is appropriate " … in tabulating class consent to a plan, as long as there exists at least one other impaired class of creditors, not including the votes of insiders, who approve the plan. See In re Gilbert, 104 B.R. 206, 213 (Bankr.W.D.Mo.1989) (§ 1126(c) in no way prohibits insider votes in determining class approval); In re Grimes Furniture, Inc., 47 B.R. 68, 70 (Bankr.W.D.Pa.1985) (same)." In re Lafayette Hotel Partnership, 227 B.R. 445, 450 (Bankr. S.D.N.Y. 1998). There are multiple such other classes. Based on the foregoing, the requirement of 11 U.S.C. §1129(a)(10) has been met.

### 10. **The Amended Plan Is Feasible.**

The Plan requires that TPL pay CCC $180,000 on the Effective Date, some amount to pay down allowed professional claims and an operational reserve of $500,000. TPL's Quarterly Payments under the Plan per its forecast for 2015-2021 are estimated to total $46.453 million: $8.875 million in 2015, $9.154 million in 2016, $7.028 million in 2017, $6.198 million in 2018, $6.219 million in 2019, $5.037 million in 2020, and $3.942 million in 2021. Mac Leckrone will

be present to offer testimony as to TPL's income from its portfolios and the likelihood of its ability to perform. Based on the foregoing, the feasibility requirement of 11 U.S.C. section 1129(a)(11) has been met.

### 11. **All Other Requirements for Confirmation Have Been Met.**

The Plan requires the continued payment of U.S. Trustee fees so long as the case is open and meets the requirements of 11 U.S.C. section 1129(a)(11), and it provided no retiree benefits, so 11 U.S.C. section 1129(a)(12) has been met as well.

### B. The Court Should Confirm The Amended Plan Without Further Notice Or Hearing.

11 U.S.C. section 1127 provides as follows in pertinent part:

> (a) The proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan. . . .
>
> (c) The proponent of a modification shall comply with section 1125 of this title with respect to the plan as modified.
>
> (d) Any holder of a claim or interest that has accepted or rejected a plan is deemed to have accepted or rejected, as the case may be, such plan as modified, unless, within the time fixed by the court, such holder changes such holder's previous acceptance or rejection.

"After notice and a hearing, the bankruptcy court may deem a claim or interest holder's vote for or against a plan as a corresponding vote in relation to a modified plan unless the modification materially and adversely changes the way that claim or interest holder is treated. Id. § 1127(d); Fed. R. Bankr.P. 3019; see also In re Am. Solar King Corp., 90 B.R. 808, 825 (Bankr.W.D.Tex.1988). If it does, the claim or interest holder is entitled to a new disclosure statement and another vote. Solar King, 90 B.R. at 823." In re New Power Co., 438 F.3d 1113, 1117-1118 (11th Cir. 2006).

Federal Rule of Bankruptcy Procedure 3019 similarly provides as follows:

> In a chapter 9 or chapter 11 case, after a plan has been accepted and before its confirmation, the proponent may file a modification of the plan. If the court finds after hearing on notice to the trustee,

any committee appointed under the Code, and any other entity designated by the court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who have previously accepted the plan.

The changes to the Plan shown in the Amended Plan were made at the request of objecting parties. Limiting releases to named parties and rejecting an insurance policy that essentially covers and the appeal that it about to be dismissed is not likely to affect the Plan or rights of creditors hereunder in any material way, though One Beacon may choose to file a rejection claim that TPL would contest. Based on the foregoing, TPL respectfully requests that the Court accept the proposed amendments to the Plan as neither material nor adverse to creditors, determine that no further notice or opportunity for hearing is required, and deem all parties which voted to confirm the Plan to have accepted the Plan as amended.

## IV.  CONCLUSION

TPL has met all requirements for confirmation of the Plan.

If the agreement with the Browns is not accepted, and their vote is not changed, then TPL will ask the Court to confirm under Bankruptcy Code section 1129(a) based upon the votes already of record.

TPL will also, if necessary, proceed to cram down under 11 U.S.C. section 1129(b) to achieve confirmation and provide a separate brief with respect thereto should final documentation of the agreement with the Browns and the motion to approve the same not be filed on Monday, February 9, 2015.

Dated: February 6, 2015               BINDER & MALTER

                                     By: /s/ *Robert G. Harris*
                                         ROBERT G. HARRIS

                                         Attorneys for Debtor Technology Properties
                                         Limited, LLC

CONFIRMATION BRIEF                                                       Page 9
Case: 13-51589    Doc# 654    Filed: 02/06/15    Entered: 02/06/15 18:36:24    Page 9 of 9