

1  STEPHEN T. O'NEILL (115132)
   ROBERT A. FRANKLIN (091653)
2  THOMAS T. HWANG (218678)
   DORSEY & WHITNEY LLP
3  305 Lytton Avenue
   Palo Alto, CA 94301
4  Telephone: (650) 857-1717
5  Facsimile: (650) 857-1288
   Email: oneill.stephen@dorsey.com
6  Email: franklin.robert@dorsey.com
   Email: hwang.thomas@dorsey.com
7
   Attorneys for Official
8  Committee of Unsecured Creditors
   HEINZ BINDER (SBN 87908)
9  ROBERT G. HARRIS (SBN 124678)
   WENDY W. SMITH (SBN 133887)
10 BINDER & MALTER, LLP
   2775 Park Avenue
11 Santa Clara, CA 95050
   Tel: (408) 295-1700
12 Fax: (408) 295-1531
   Email: Heinz@bindermalter.com
13 Email: Rob@bindermalter.com
   Email: Wendy@bindermalter.com
14
15 Attorneys for Debtor and Debtor-in-Possession
   TECHNOLOGY PROPERTIES LIMITED LLC

The following constitutes
the order of the court. Signed March 19, 2015

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFONRIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>TECHNOLOGY PROPERTIES LIMITED,<br>LLC, a California limited liability company,<br><br>                       Debtor. | Case No.: 13-51589SLJ<br><br>Chapter 11<br><br>Date: February 11, 2015<br>Time: 10:00 a.m.<br>Place: Courtroom 3099<br>         280 South First Street<br>         San Jose, California |

### ORDER CONFIRMING JOINT PLAN OF REORGANIZATION BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DEBTOR (DATED JANUARY 8, 2015)

ORDER CONFIRMING PLAN                                                                   Page 1

On February 11, 2015, the Court held a hearing on confirmation of the Joint Plan of Reorganization By Official Committee Of Unsecured Creditors and Debtor (Dated January 8, 2015) (the "Plan") filed by debtor Technology Properties Limited, LLC ("TPL") and the Official Unsecured Creditors' Committee. Robert G. Harris, Esq. of Binder & Malter, LLP appeared for TPL. Robert A. Franklin of Dorsey & Whitney LLP appeared for the Official Unsecured Creditors' Committee. Other appearances were noted on the record.

It having been determined after a hearing on notice that (i) the Plan and the Disclosure Statement Re: Joint Plan Of Reorganization By Official Committee Of Unsecured Creditors And Debtor (January 8, 2015) (the "Disclosure Statement") have been transmitted to creditors and equity security holders; (ii) the requirements for confirmation set forth in 11 U.S.C. §1129(a) have been met; and (iii) the proposed modification to the Plan rejecting the One Beacon insurance contract is neither material nor adverse to any creditor or class of creditors under the Plan; and (iv) all objections having been overruled or resolved, and good cause appearing therefor, IT IS THEREFORE ORDERED that

1. The Plan be and hereby is confirmed.
2. The following modifications to the Plan be and hereby are approved as neither material nor adverse:
    a. The definition of "Released Parties" is to be narrowed by removing the words "and any and all entities wholly-owned or partially owned by Leckrone" from the Plan [Plan, 14:20-21] so that only the persons and entities actually named in the Plan are included within the definition. The following persons and entities covered by the deleted language are added at the end of that paragraph: Daniel E. Leckrone, HSM Portfolio LLC, MCM Portfolio LLC, Chipscale, Inc., IntellaSys BEC Ltd., Fountainhead IP LP, Gee Pee LLC, the Daniel E. and Helena M. Leckrone Revocable Trust, the Helena Leckrone

ORDER CONFIRMING PLAN                                                                                    Page 2

Exempt Bypass Trust, the Helena Leckrone Non-Exempt Bypass Trust, the Helena Leckrone QTIP Trust, the Leckrone Family Children Trusts and the Leckrone Family Grandchildren Trusts.

b. TPL's policy with One Beacon American Insurance Company is removed from the list of contracts assumed as one of "the Debtor's Insurance Policies" [Plan 42:23-24] and added to the list of contracts rejected under the Plan.

c. The Plan is modified to state that "[i]n the event of a conflict between the Plan and the TPL operating agreement, as it may be amended, supplemented or restated, the terms of the Plan will control."

d. The claim of Marcie and Chet Brown aggregating $10,021,511 is an Allowed Claim in the respective allocations of Classes 6A, 6B and 6C to which no objection can be made.

e. The Mutual Release attached as Exhibit "E" to the Plan is deleted from the Plan, as well as all references to "Release" contained therein. No party is required to execute the Mutual Release

f. The Plan is modified to state that TPL forthwith shall dismiss the appeal of the judgment in *Chester A. Brown, Jr. and Marcie Brown v. Technology Properties Limited LLC et al.*, Superior Court of California, County of Santa Clara Case No. 1-09-CV-159452.

g. Exhibit "F" to the Disclosure Statement is modified to delete the introductory paragraph.

h. The liens and claims of the Released Parties shall remain subordinated as set forth in the Plan notwithstanding any subsequent conversion of the case to

Chapter 7 and so long as the estate's release of the Released Parties remains effective.

  i. In Article XI of the Plan at paragraph D., page 54, line 23, the words "applicable law" are deleted and replaced with "Bankruptcy Code section 1125(e)." Further, the words "the consummation of the Plan, or the administration of the Plan" are deleted from the same paragraph at page 55, lines 6-7.

3. This Order incorporates Article XIV of the Plan in its entirety, together with the definitions used herein, as set forth in Appendix A to this Order. Whether or not any IP Owner objects to or supports the Plan, or votes for or against the Plan, the Confirmation Order will prevent such IP Owner from defeating, violating or disputing any of the Licensees' rights, licenses, interests, defenses or other benefits under such parties' respective Licenses or said Article XIV.

**APPROVED AS TO FORM:**

MICHELSON LAW GROUP


By: /s/   *Randy Michelson*
         Randy Michelson

Attorneys for Chet and Marcie Brown

SEDGWICK LLP


By: /s/ Lillian *G. Stenfeldt*
         Lillian G. Stenfeldt

Attorneys for Sony Corporation

ORDER CONFIRMING PLAN                                                Page 4

FRIEDMAN & SPRINGWATER LLP

By: /s/ *Ellen A. Friedman*
   Ellen A. Friedman

Attorneys for Hewlett Packard Company

MORRISON & FOERSTER LLP

By: /s/ *Kristin A. Hiensch*
   Kristin A. Hiensch

Attorneys for:
   Alcon Research, Ltd.
   Apple Inc.
   Blackberry Limited
   DIRECTV, LLC
   Fujitsu Limited
   Mattel, Inc.
   NEC Corporation
   Nikon Corporation

ORDER CONFIRMING PLAN                                                                  Page 5

# APPENDIX A

# XIV. OVERRIDING PROTECTIONS FOR LICENSEE PARTIES

A. **Scope and Intent of This Article.** As a means of addressing the Licensee Objectors' concerns and objections, this Article is included to effectuate the parties' intent to eliminate any adverse effects or prejudice of the Plan or Confirmation Order on the Licensees' Licenses, claims, rights, interests and defenses. This Article XIV shall apply comprehensively to preserve all Licensees' rights, licenses, claims, interests and defenses, as described herein, notwithstanding any other provision of the Plan or the Confirmation Order or the operation of the Bankruptcy Code. To the extent any direct or indirect conflict exists between this Article and any other provision of the Plan or Confirmation Order, this Article shall control. As used in this Article, the terms "rights," "claims," "interests" and "defenses" shall be used in their broadest and most comprehensive senses. Nothing herein shall expand or change the terms or scope of any License or allow any transfer of any right or interest under any License beyond what is permitted under such License.

B. **Confirmation Order.** The Confirmation Order shall incorporate and reaffirm this Article XIV in its entirety, together with the definitions used herein. Whether or not any IP Owner objects to or supports the Plan, or votes for or against the Plan, the Confirmation Order shall prevent such IP Owner from defeating, violating or disputing any of the Licensees' rights, licenses, interests, defenses or other benefits under such parties' respective Licenses or this Article XIV.

C. **Amendments to Article XIV.** This Article (and definitions used herein) shall not be amended, modified or otherwise adversely affected, directly or indirectly, from other Plan or Confirmation Order amendments, without the prior written consent of each affected Licensee Objector and the IP Owners.

D. **No Adverse Impact On Licenses.** Notwithstanding any other provision of the Plan or Confirmation Order, the Licenses, and the rights, claims, including offsetting or recoupment claims, interests and defenses of each Licensee thereunder, shall ride through this

Bankruptcy Case without rejection, prejudice or adverse effects of any kind, including on account of Section 1141. All Licenses shall remain in full force and effect, and continue to be valid, binding, and enforceable in accordance with their terms, against TPL, the Reorganized Company, and all applicable IP Owners and their successors and assigns as if there had been no Bankruptcy Case or Plan or Confirmation Order, and neither TPL's reorganization nor exit from bankruptcy shall affect such validity and enforceability of the Licenses.

No act or omission of the Committee, TPL, estate representative, other proponent of any confirmed plan of reorganization, or Reorganized Company (such as rejection of or failure to assume any executory contract) changes, impairs, or has the effect of stripping or undermining, whether by Section 1141 or otherwise, any rights, interests, claims, licenses, or defenses under the Licenses that existed before or independent of the Bankruptcy Case, or that were executed prior to the Effective Date. To the extent permissible by otherwise applicable law, the Confirmation Order shall estop, enjoin, and bar the Committee, TPL, estate representatives, any other proponent of any confirmed plan of reorganization, and the Reorganized Company, and each of their respective successors and assigns, from taking any action to disrupt or otherwise invalidate or challenge the Licenses and the Licensees' rights, offsetting or recoupment claims, interests, property or defenses thereunder. Nothing in the Plan or in the Confirmation Order shall be deemed to restrain, enjoin, stay or otherwise obstruct the enforcement, exercise or defense by any party to a License after the Effective Date of any of their licenses, rights, offsetting or recoupment claims, interests, property or defenses.

E.    **No Change For Patent Actions.**  Notwithstanding any other provision of the Plan or the Confirmation Order, the Plan and Confirmation Order shall have no effect on any party's rights, claims, including offsetting or recoupment claims, interests and defenses in any patent action or other litigation that has been or may be filed.

F.    **Reserved Objections.**  Licensees may defend an attack of their Licenses on any basis, including the protections afforded under this Article XIV, whether or not previously raised by a Licensee.  Furthermore, nothing in the Plan or Confirmation Order shall constitute a waiver

by any Licensee of such party's rights under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), or *Bellingham Ins. Agency, Inc. v. Arkin (In re Bellingham Ins. Agency, Inc.)*, 702 F.3d 553 (9th Cir. 2012), or subsequent precedents on this topic, to challenge the jurisdiction of the Bankruptcy Court to issue a final judgment.

G. **IP Owner Side Letters.** The IP Owners have provided written confirmation and consent, in substantially the forms of the side letters attached as **Exhibit "D"** to the Plan, which are incorporated herein, confirming such IP Owner's promise of non-disturbance of Licensees' rights under their existing Licenses.

## DEFINTIONS

As used in the Plan and this Addendum, the following terms shall have the respective meanings specified below:

**"Bankruptcy Case"** means the bankruptcy case styled *In re Technology Properties, Limited, LLC*, Chapter 11 Case No. 13-51589-SLJ, pending in the Bankruptcy Court.

**"Bankruptcy Code"** means title 11 of the United States Code and also includes Sections 157, 158, 1334, 1408, 1412, and 1452 of title 28 of the United States Code, and any amendments thereto to the extent applicable to this Bankruptcy Case.

**"Bankruptcy Court"** means the United States Bankruptcy Court for the Northern District of California, San Jose Division, or such other court exercising jurisdiction over the Bankruptcy Case.

**"Business Day"** means a day, Monday through Friday, excluding all legal holidays (as defined in Bankruptcy Rule 9006(a)(6).

**"Committee"** means the Official Committee of Unsecured Creditors appointed by the Office of the United States Trustee on March 28, 2013 consisting of Chester A. Brown, Jr. and

Marcie Brown, Patriot Scientific Corp., Beresford & Co., Farella Braun & Martel, LLP, the Estate of James Kirkendall and Dr. Zlatan Ribic GmbH.

**"Confirmation Hearing"** means the hearing held by the Bankruptcy Court on confirmation of the Plan as required by Section 1128(a) of the Bankruptcy Code.

**"Confirmation Order"** means the Order confirming the Plan under Section 1129 of the Bankruptcy Code.

**"Debtor" or "TPL"** means Technology Properties Limited LLC, a California Limited Liability Company.

**"Effective Date"** means the later of (a) the first Business Day that is at least 30 days after the entry of the Confirmation Order and on which no stay of the Confirmation Order is in effect, including a stay pending appeal, or (b) the first Business Day on which the Reorganized Company has sufficient cash to make all payments required under the Plan on the Effective Date; provided, that notwithstanding any other provision of this Plan, the Effective Date shall not occur until and unless Plan proponents file with the Bankruptcy Court executed versions of the IP Owner Side Letters, referenced in Addendum A, Section G and set forth on Exhibit "D" to the Plan, for the benefit of all Licensees.

**"IP Owners"** means the owners of the MMP Portfolio, CORE Flash Portfolio, Fast Logic Portfolio and Chipscale Portfolio licensed by TPL to Licensees, including without limitation PDS, Patriot, Charles H. Moore, and MCM Portfolio LLC.

**"License"** means each of the approximately 175 non-exclusive agreements granting licenses of patent portfolios that were executed by TPL, PDS, Patriot Scientific, HSM Portfolio LLC or MCM Portfolio LLC as licensor(s) prior to the filing of the Bankruptcy Case and any agreements granting licenses of patent portfolios that were executed by TPL, PDS, Patriot

APPENDIX A TO ORDER CONFIRMING PLAN

Case: 13-51589    Doc# 670    Filed: 03/19/15    Entered: 03/19/15 17:01:49    Page 9 of 11

Scientific, MCM Portfolio LLC or HSM Portfolio LLC as licensor(s) prior to the Effective Date, in each case, as amended, modified, or supplemented from time to time whether by settlement agreement, side letter or otherwise.

**"Licensee Objectors"** means the parties identified in **Exhibit "B"** to the Plan, together with each party's successors and assigns. Licensees may become Licensee Objectors at any time prior to the commencement of the Confirmation Hearing by notice to counsel for the Debtor and the Committee.

**"Licensees"** means the Licensee Objectors, together with any other party granted a License on or before the Effective Date including those identified on **Exhibit "B-2"** to the Plan.

**"MMP Portfolio"** means the Moore Microprocessor Portfolio.

**"Patriot"** means Patriot Scientific Corporation.

**"PDS"** means Phoenix Digital Solutions LLC.

**"Plan"** means this JOINT PLAN OF REORGANIZATION by OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND DEBTOR (DATED JANUARY 8, 2015 ) including any modification(s) thereof and/or amendment(s) thereto that comply with Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

**"Reorganized Company"** means the Debtor on and after the Effective Date.

***** END OF ORDER *****

## COURT SERVICE LIST

\*\* All ECF Recipients